IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )  Criminal No. 26-4 |
| | ) |
| CHRIS TOWNSELL | ) |

**MEMORANDUM AND ORDER OF COURT**

Presently before the Court is Defendant Chris Townsell's Motion for Permission to Travel, wherein he requests permission to travel to Bermuda, which is opposed by the Government. (Docket Nos. 20, 22). After careful consideration of the parties' positions, Defendant's Motion will be denied.

**I.    PROCEDURAL HISTORY**

Defendant is charged in a one-count Indictment with attempt to possess with intent to distribute 5 kilograms or more of cocaine, contrary to the provision of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii), in violation of 21 U.S.C. § 846, for conduct occurring on or about September 4, 2025. (Docket No. 3). On January 8, 2026, Defendant made an initial appearance and was arraigned, at which time he pled not guilty to the charge. (Docket Nos. 12, 13, 14). On that same date, he was released on a $100,000 unsecured appearance bond with conditions. (Docket Nos. 17, 18). Relevant here, Defendant's bond conditions restrict travel to this District, to and from Texas for court purposes only, and to and from the Northern District of Ohio for work. (Docket No. 18, ¶ 7(f)). Additionally, Defendant's passport has been surrendered to Pretrial Services. (*Id.*, ¶ 7(d)).

On January 12, 2026, Defendant filed the Motion seeking permission to travel to Bermuda for an "annual prepaid trip" from January 25, 2026 to February 1, 2026, with his adult son who suffers from severe autism. (Docket No. 20, ¶¶ 7, 8). According to the Motion, United States Pretrial Services takes no position on Defendant's request to travel. (*Id.*, ¶ 13).

The Government opposes Defendant's Motion, arguing that his request for international travel should be denied in light of the 10-year mandatory minimum term of imprisonment he is facing for the serious charged controlled substance offense, as well as the fact that his criminal history includes prior narcotics convictions, and he has charges pending in Texas. (Docket No. 22, ¶¶ 6, 7). While the Government acknowledges that it did not seek detention, it requested imposition of the referenced travel restrictions and surrender of Defendant's passport, which the Government submits are the least restrictive means to assure Defendant's appearance. (*Id.*, ¶¶ 3-5).

## II.     ANALYSIS

Pursuant to the Bail Reform Act, if the Court "determines that the release described in subsection (b) of this section [relating to release on personal recognizance or unsecured appearance bond] will not reasonably assure the appearance of the person as required . . . , [the Court] shall order the pretrial release of the person subject to the least restrictive further condition, or combination of conditions, that [the Court] determines will reasonably assure the appearance of the person as required . . . , which may include the condition that the person . . . abide by specified restrictions on . . . travel." 18 U.S.C. § 3142(c)(1)(B)(iv). As stated, in fashioning the least restrictive release conditions that will reasonably assure Defendant's appearance as required in this case, Judge Kelly imposed a condition that his travel is restricted to this District, to and from Texas

for court purposes only, and to and from the Northern District of Ohio for work. (Docket No. 18, ¶ 7(f)).

In seeking permission to travel abroad to Bermuda, Defendant suggests that he is not a flight risk because he was aware of the Indictment in this case since early October 2025, he made no attempt to evade prosecution or flee, and he voluntarily surrendered to the DEA after the Indictment was filed. (Docket No. 20, ¶¶ 4, 5). Defendant further submits that he has proven his reliability by voluntarily appearing, and he intends to comply with all Court orders. (*Id.*, ¶ 16).

After carefully considering Defendant's arguments, the Court concludes that the conditions of Defendant's release on bond are narrowly tailored to the specific circumstances of his case and that the existing travel condition is the least restrictive means to accomplish the objective of reasonably assuring his appearance as required at judicial proceedings. *See* 18 U.S.C. § 3142(c)(1)(B)(iv). While the Court recognizes that Defendant voluntarily appeared in this case and that he intends to comply with all Court orders, he only will have been on pretrial release for less than three weeks by the time he seeks to travel. Accordingly, Defendant cannot convincingly maintain that he will have demonstrated his reliability and/or compliance with court-ordered conditions in that short time frame. Moreover, although the presumption of innocence applies to Defendant, at 60 years old,[1] he is now exposed to a mandatory minimum term of 10 years' imprisonment if he is convicted of the charged controlled substance offense.[2] *See* 21 U.S.C. § 841(b)(1)(A)(ii). Under such circumstances, the Court does not believe that Defendant should be permitted to travel internationally for recreational purposes as he requests and previously has

---

[1] The Court has reviewed the Pretrial Services Report which details Defendant's background, residence, family ties, employment history, financial resources, physical and mental health, and criminal history.

[2] Additionally, as detailed in the Pretrial Services Report, Defendant is facing charges in connection with a controlled substance offense in Texas.

denied a motion to travel under similar circumstances. *See, e.g., United States v. Corretjer*, Crim. No. 21-105, 2024 WL 943474, at *2 (W.D. Pa. Mar. 5, 2024) (denying motion to modify conditions of pretrial release to permit travel to Puerto Rico where the defendant pled guilty to controlled substance offenses which subjected her to statutory mandatory minimum term of 5 years' imprisonment and guideline term of 18-24 months' imprisonment if safety valve eligible).

Although the Court denies Defendant's international travel request, the Court appreciates that Defendant, who is the sole caretaker for his adult son, would like to be able to travel with him to Bermuda. (Docket No. 20, ¶¶ 7, 8). As sympathetic as the Court is to Defendant's family situation, he is presently released on bond subject to a number of conditions, including the travel condition discussed herein. Although the Court finds that the travel condition is the least restrictive condition that will reasonably assure Defendant's appearance as required, the resulting consequence is that Defendant is unable to engage in the international travel to which he previously was accustomed,[3] and his inability to do so could prove disappointing or upsetting to his son. Unfortunately, such a situation is not unique to this Defendant and his family. Any defendant who is under federal indictment and subject to release on bond conditions similarly faces various restrictions that may necessitate adjustments in his life, which can impact him personally, as well as others who rely on him for support and care.

### III. **CONCLUSION**

For the reasons detailed herein, the Court concludes that the circumstances of this case do not warrant a temporary modification of Defendant's condition of release restricting travel to this District, to and from Texas for court purposes only, and to and from the Northern District of Ohio

---

3   The Pretrial Services Report indicates that Defendant travelled to Jamaica in 2023, to the Bahamas in 2024, and to Bermuda in 2025.

for work.  Accordingly, Defendant's Motion requesting permission to travel to Bermuda is denied.

An appropriate Order follows.

## **ORDER OF COURT**

AND NOW, this 20th day of January, 2026, for the reasons set forth in the Memorandum above, IT IS ORDERED that Defendant's Motion for Permission to Travel to Bermuda, (Docket No. 20), is DENIED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record

United States Pretrial Services